# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DERRELL GAULDEN,           )
                           )
    Movant,               )
                           )
v.                         )   Case No. CV412-183
                           )              CR499-001
UNITED STATES OF AMERICA,  )
                           )
    Respondent.           )

## REPORT AND RECOMMENDATION

Having unsuccessfully litigated a 28 U.S.C. § 2255 motion in 2001, CR499-001, doc. 196, 203 & 201; *see also* docs. 302 & 311 ("out-of-time" attempt at a second § 2255 motion),[1] Derrell Gaulden has filed a second, claiming things like a defective indictment and sentence, ineffective assistance of counsel, etc. Doc. 319 at 4 - 8, 14. A second or successive 28 U.S.C. § 2255 motion must be certified to contain: (1) newly discovered evidence that, when viewed as a whole, would be "sufficient to establish by clear and convincing evidence that no reasonable fact finder would

---

[1] Undertaking its preliminary review per 28 U.S.C. § 2255 Rule 4(b), the Court is citing only to the criminal docket and using its docketing software's pagination; that may not always line up with each paper-document's printed pagination.

have found the movant guilty of the offense"; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. 2255(h)(1)-(2). *See, e.g., In re Perez*, \_\_ F.3d \_\_, 2012 WL 1889150 at * 1 (11th Cir. May 25, 2012). Gaulden does not even bother to acknowledge, let alone attempt to meet, that criteria.

More importantly, he has knocked on the wrong court's door. Successive motions go to the appellate court first. 28 U.S.C. § 2244(b)(3)(A); *Adams v. Thaler*, 679 F.3d 312, 2012 WL 1415094 at * 8 (5th Cir. 2012); *Brown v. United States*, 2012 WL 1664150 at * 1-2 (S.D. Ga. Apr. 13, 2012). Even so, his § 2255 motion would fail, as he has cited no new evidence or rule of constitutional law. Hence, his § 2255 motion must be **DISMISSED**, and his motion for appointment of counsel, doc. 320, is **DENIED**, as is his earlier Fed. R. Crim. P. 35(b)-based, "Motion To Compel."[2] Doc. 316.

---

[2] He claims he substantially assisted the prosecution in another case but the government has failed in its promise to seek a sentence-reduction on his behalf. Doc. 316 at 1-5. However, he fails to satisfy Rule 35(b)'s criteria, as set forth in *United States v. Bell*, 2012 WL 1192181 at * 2 (11th Cir. Apr. 9, 2012), most notably the need to allege "a constitutionally impermissible motive for the government's refusal to file

**SO REPORTED AND RECOMMENDED**, this 10th day of July, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[the] Rule 35(b) motion." *Id.*; *United States v. McCloud*, 452 F. App'x 899. 900 (11th Cir. 2012).